UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH LAWSON | CIVIL ACTION |
| VERSUS | NO. 08-0022 |
| BURL CAIN, WARDEN | SECTION "A"(6) |

## TRANSFER ORDER

Petitioner, JOSEPH LAWSON, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1979 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) His conviction is illegal and should be vacated based on an untimely filed bill of information.

A review of this Court's records reflects that petitioner initially sought habeas relief related to this conviction and sentence in a case captioned <u>Joseph Lawson v. Frank C. Blackburn</u>, Civil Action 87-633 "A"(6). In that petition, petitioner raised the following grounds for relief:

1) He received ineffective assistance of counsel;

2) The trial court erred in allowing hearsay testimony;

3) The jury selection was improper;

4) The trial court gave a prejudicial jury instruction; and

      5)      There was insufficient evidence to support a conviction.

That petition was denied with prejudice on the merits by Judgment entered April 5, 1988. Plaintiff appealed the judgment. The United States Fifth Circuit Court of Appeals dismissed the appeal. <u>Joseph Lawson v. Robert H. Butler, Sr.</u>, 88-3517 (5th Cir. 1988).

Petitioner again sought relief pursuant to 28 U.S.C. § 2254, filing a second habeas petition, <u>Joseph Lawson v. Burl Cain, Warden</u>, Civil Action 98-0245 "A"(6). Lawson was given authorization by the United States Fifth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(2), to file this second petition, but only for the purpose of presenting a single claim concerning the constitutionality of the trial court's reasonable doubt jury instruction. On October 27, 1998, Judgment was entered denying habeas relief on the merits with prejudice. Petitioner appealed. His appeal was dismissed for want of prosecution. <u>Joseph Lawson v. Burl Cain, Warden</u>, 98-31352 (5th Cir. 1999).

Petitioner sought relief a third time pursuant to 28 U.S.C. § 2254, under the guise of a 42 U.S.C. § 1983 complaint. <u>Lawson v. State Authorities</u>, Civil Action 02-3828 "F"(5). He complained that his 1979 state court conviction for first degree murder was obtained by fraud and/or mistake of law because the criminal indictment was defective. The Court ordered that it be filed and reallotted as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, and that it be transferred to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for the appellate court to determine whether petitioner was authorized under 28 U.S.C. § 2244(b) to file the successive petition in the district court. <u>See</u> Rec. Doc. No. 4. The Fifth Circuit Court of Appeals denied petitioner authorization to file a successive § 2254 application. <u>In Re Joseph Lawson</u>, 03-30267 (5th Cir. 2003).

Petitioner filed a fourth petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. <u>Joseph Lawson v. State of Louisiana</u>, Civil Action 07-1062 "A"(6). In that petition, he raised the same grounds as in the present petition – that his conviction is illegal because a bill of information was not timely filed. This Court transferred the petition to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for the appellate court to determine whether petitioner was authorized under 28 U.S.C. § 2244(b) to file the successive petition in this court. <u>See</u> Rec. Doc. No. 4. The United States Fifth Circuit Court of Appeals denied petitioner's motion for authorization to file a second or successive § 2254 application, and further, warned petitioner that future repetitive or otherwise abusive filings would invite the imposition of sanctions. <u>See</u> Rec. Doc. No. 7.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate

court as required by 28 U.S.C. § 2244(b)(3)(A).  Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that JOSEPH LAWSON's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

January 16, 2008

_____
UNITED STATES DISTRICT JUDGE